IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 12-cv-1415-CMA-MEH

DENNIS L. MULHOLLAND, and
ROBERT L. MEUSCH,

    Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Bank of Choice, #10380

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE CLERK'S JUDGMENT**

---

    This matter is before the Court on Plaintiff's Motion Not to Award Costs (Doc. # 57), which the Court construes as a Motion for Reconsideration of the Clerk's Judgment. For the reasons stated below, the court DENIES Plaintiff's Motion.

    In June of 2014, this Court granted Defendant's Motion for Summary Judgment. (Doc. # 55.) Defendants prevailed as to all of Plaintiffs' claims. (*Id.*) As instructed in the Court's Order, Defendant subsequently filed a Proposed Bill of Costs with the clerk of the Court, and timely served the Bill on Plaintiffs. (Doc. # 58.) The Bill requested a total of $1,012.09 in costs – representing $121.25 in court reporter fees, $115.00 for copies, and $775.84 for taking of depositions. (*Id.*)

Although a district court has broad discretion to award costs, it is "well established" that Rule 54 creates a presumption that the district court will award costs to the prevailing party. *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane § 2668, at 201 (collecting cases and observing that a district court "is not likely to exercise its discretion to deny costs to the prevailing party in the absence of a persuasive reason for doing so. . . . The burden is on the . . . [non-prevailing party] to overcome the presumption in favor of the prevailing party."). The denial of costs is "in the nature of a severe penalty," and "there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995.) The circumstances in which a district court may properly deny costs to a prevailing party include "when the prevailing party was only partially successful . . . when costs were unreasonably high or unnecessary . . . or when the issues were close or difficult." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1150-51 (10th Cir. 2009).[1]

Plaintiff seeks to avoid payment of costs here for three reasons: (1) Plaintiffs Meusch and Muholland "suffered a substantial loss when the Bank closed," and Muholland was extremely close to retirement, and the liabilities on his retirement account balance at the time the bank closed ($403,381) exceeded his total retirement

---

[1] The Tenth Circuit also considers whether the damages awarded were nominal or the recovery "insignificant." *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1150-51. These factors, however, do not apply here, where the Defendant prevailed on summary judgment.

2

benefits ($400,000); (2) the lawsuit was brought at a time when "there were no cases determining the effect of 12 C.F.R. § 359.7"; and (3) in its Order granting Summary Judgment, the Court noted that "both plaintiffs' and defense counsel argued provability on the apparent 'assumption that the provability test survived FIRREA .'" (Doc. # 57 at 2-3.)  Plaintiffs cited no legal authority in support of their arguments.

Here, Plaintiffs have failed to meet their burden in establishing a valid basis for penalizing Defendants with the denial of costs which are ordinarily recoverable as a matter of course.  Defendant prevailed on all of its claims in this case.  Additionally, Plaintiffs submitted no evidence or argument that Defendant engaged in obstructive or bad-faith behavior.  Moreover, although Plaintiffs **imply** that they are indigent in stating that they "suffered a substantial loss," were close to retirement when the "Bank closed," and that **one** of their retirement accounts had a negative balance of approximately $3,000, they did not provide **any** evidence to substantiate the fact that they are so indigent that they cannot pay a $1,000 bill – a modest amount in the world of civil litigation.  Plaintiffs' unsubstantiated assertions about their indigence are not sufficient to overcome the presumption that costs should be awarded.  *See Dyer v. Unified Sch. Dist. No. 500*, No. 12-2081-JTM, 2014 WL 5488755, at *4 (D. Kan. Oct. 29, 2014) (awarding costs against plaintiff in part because she presented no evidence of her indigence, beyond an affidavit stating "only that she is not currently employed"); *Sklyarsky v. ABM Janitorial Services–North Central*, 494 Fed. Appx. 619 (7th Cir. 2012) (costs should be imposed unless party claiming indigence "shows that it is incapable of paying court-imposed costs at the time of judgment or in the future").

Further, Plaintiff has not demonstrated that the issues in this case were "close" or "difficult." Plaintiff's arguments about the lack of case law interpreting the central regulation at issue (and their argument about both parties assuming the survival of a particular legal test) did not make this case "close" or "difficult" – the Court was able to dismiss the claims at the summary judgment phase in a relatively short, if technical, Order. Moreover, even if the issues were considered "close," this factor alone is insufficient to deny Defendant its costs. *See Rodriguez,* 360 F.3d at 1190 (upholding district court's awarding costs, despite the fact that the case presented "close and difficult" issues).

Accordingly, it is ORDERED that Plaintiff's Motion for Reconsideration of the Clerk's Judgment (Doc. # 57) is DENIED.

DATED: March 13, 2015

> BY THE COURT:
>
> _____
> CHRISTINE M. ARGUELLO
> United States District Judge